A00A2215. CULLERS v. THE STATE.
(543 SE2d 763)

MIKELL, Judge.

On May 3, 2000, Michael J. Cullers pled guilty but mentally ill to two counts of aggravated assault and one count of obstruction of an officer.[1] In his sole enumeration of error, Cullers contends that his plea was not freely and voluntarily given.

> When a defendant challenges the validity of a guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill[ing] a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[2]

---

[12] OCGA § 16-13-31 (e).

[13] *Jackson v. Virginia,* supra.

[1] The record reveals that Cullers pointed a gun at two people, then refused to come out of his house when asked to do so by a police officer. For each of the aggravated assault counts, the trial court sentenced Cullers to ten years to run concurrently, with the first year to be served in confinement and the remaining nine years on probation. Cullers received a sentence of twelve months for the obstruction count, to run concurrent with the two aggravated assault counts.

[2] (Citation and punctuation omitted.) *Morgan v. State,* 191 Ga. App. 367, 368 (1) (381 SE2d 583) (1989).

"The most reliable method of perfecting the record is to conduct an inquiry into the defendant's understanding of the nature and consequences of his plea."[3]

In this case, the trial judge thoroughly inquired into Cullers' understanding of the rights he waived by entering a guilty plea. He informed Cullers of his right to a jury trial, the presumption of his innocence, and his right to confront his accusers and to subpoena witnesses to testify on his behalf. The trial judge explained to Cullers that he had a right to testify in his own behalf and that if he chose not to testify, it would not be held against him in any way. In each instance, Cullers indicated that he understood his rights. When asked if he had been threatened or promised leniency in exchange for his guilty plea, Cullers replied that he had not.

It is readily apparent from the record that Cullers was made cognizant of the rights he waived by pleading guilty. Though the record does not show whether he was cognizant of the sentencing consequences of his plea, this lapse does not render his plea invalid. "There is no constitutional requirement that a defendant be advised of the length of his sentence before a court accepts his guilty plea."[4]

Cullers argues that his plea should be reversed because he entered it solely based upon his counsel's advice. We note that Cullers does not attempt to recant his admission, made during the plea hearing, that he committed the offenses. "A person cannot avoid the legal consequences of his acts even if based on good faith reliance on the advice of counsel. . . . A defendant's subjective hopes and unfulfilled desires, not induced by the court or state, are not good grounds for attacking the resulting plea and sentence."[5] When Cullers was asked his plea as to each count charged against him, he responded that he was agreeing with his counsel. The trial judge then asked Cullers if he understood the charges, clarified Cullers' plea, and asked Cullers if his plea was correct. Cullers did not, at any time, indicate that the plea was incorrect. Accordingly, we find that Cullers' plea was voluntary.

We next look to OCGA § 17-7-131 (b) (2) to determine whether the trial court erred in accepting the plea. According to OCGA § 17-7-131 (b) (2), a plea of guilty but mentally ill cannot be accepted until the defendant has been examined by a licensed psychiatrist or psychologist, the court has examined the report and held a hearing on the defendant's mental condition, and the court is satisfied that the defendant was mentally ill at the time of the offense. In *Barber v.*

---

[3] *Clowers v. Sikes*, 272 Ga. 463, 464 (532 SE2d 98) (2000).

[4] *Waye v. State*, 239 Ga. 871, 876 (2) (238 SE2d 923) (1977).

[5] (Citations omitted.) *Smith v. State*, 174 Ga. App. 238, 241 (329 SE2d 507) (1985).

*State*,[6] this Court held that the procedural requirements of OCGA § 17-7-131 (b) (2) were fulfilled when the defendant's plea was taken and a factual basis for the plea was established.[7] In that case, defense counsel obtained an independent psychiatric report and read the defendant's psychiatric history into the record for the sentencing court's consideration at the plea hearing.

In this case, two psychological evaluations were conducted. The court ordered the first evaluation, and defense counsel requested the second evaluation. The findings from both, which were consistent, were read into the record for the court's consideration at the plea hearing. Thus, we conclude, as we did in *Barber*, that the requirements of OCGA § 17-7-131 (b) (2) were satisfied.

Cullers' final argument is that his plea should be reversed because he was in the Veterans' Hospital in Alabama on the date charged on the indictment, May 12, 1999. "The general rule is that when the exact date of the commission of the crime is not a material allegation of the indictment, the commission of the offense may be proved to have occurred any time within the statute of limitations."[8] In this case, Cullers did not deny the incident. Instead, he informed the court that it happened on May 9, 1999. Thus, the error in the indictment does not warrant the reversal of Cullers' plea. Accordingly, we affirm.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2000.

*John W. Sherrer, Jr.*, for appellant.
*Patrick J. McDonough, District Attorney, Richard E. Thomas, Assistant District Attorney*, for appellee.

---

[6] 240 Ga. App. 156 (522 SE2d 528) (1999).
[7] Id. at 157 (2).
[8] (Citation and punctuation omitted.) *Knight v. State*, 210 Ga. App. 63, 65 (2) (435 SE2d 276) (1993).