A01A0645. AUTRY v. THE STATE.
(549 SE2d 769)

RUFFIN, Judge.

After pleading guilty to interference with the custody of a minor and statutory rape, Christopher Autry filed a motion to withdraw his guilty plea or, in the alternative, a motion in arrest of judgment or motion for new trial. The trial court denied Autry's motions, and this appeal ensued. For reasons that follow, we affirm.

The record reveals that Autry was involved in a carnal relationship with a minor. In November 1999, the juvenile's mother notified law enforcement authorities that her daughter "was possibly having a sexual relationship" with Autry. Shortly thereafter, Autry and the juvenile left Georgia, and the juvenile's mother reported her daughter as a runaway. Law enforcement tracked Autry and his companion for approximately six months before apprehending them in Florida in May 2000.

After he was brought back to Georgia, Autry was indicted for (1) interference with custody of a minor; (2) statutory rape; and (3) child

---

molestation. During the plea bargaining process, the State offered Autry a negotiated plea of ten years with one to serve. Based upon the advice of his attorney, however, Autry decided to plead guilty without a sentencing recommendation from the State.

In July 2000, Autry pled guilty to interference with the custody of a minor and statutory rape, and the State dismissed the child molestation charge. During the plea hearing, the State introduced evidence in aggravation of sentencing, including that Autry (1) had been tried for murder, but the case had been dead docketed following a mistrial; and (2) had a bond forfeiture stemming from a misdemeanor theft by shoplifting charge. According to Autry, the State never provided notice of its intent to introduce such evidence, and his attorney failed to object to its introduction. Following Autry's guilty plea, the trial court sentenced him to serve ten years for statutory rape and five years for the interference with custody, to run concurrently.

1. On August 24, 2000, Autry filed a motion to withdraw his plea, which the trial court denied. During the motion hearing, Autry asserted that his trial counsel was ineffective for failing to object to the evidence in aggravation of sentencing. According to Autry, under the authority of the recent Supreme Court case of *West v. Waters*,[1] his attorney's failure to object to the introduction of such evidence constitutes reversible error.

In *West*, the defendant was found guilty of two counts of selling cocaine. During sentencing, the State tendered evidence of a prior conviction, and West was sentenced to life in prison as a recidivist. Although the State did not provide clear notice of its intent to use the prior conviction in aggravation of sentencing as required by OCGA § 17-10-2, West's attorney failed to object.[2] The Supreme Court concluded that such failure constituted ineffective assistance of counsel and reversed West's sentence.[3] Autry asserts that the same reasoning applies here.

OCGA § 17-10-2 (a) provides, in pertinent part, that "upon the return of a verdict of 'guilty' by the jury in any felony case, . . . the judge shall hear additional evidence in . . . aggravation of punishment, . . . provided that only such evidence in aggravation as the state has made known to the defendant prior to the defendant's trial shall be admissible." By its express language, this Code section applies only to sentencing following a jury trial rather than sentencing following a guilty plea.

Nevertheless, a cogent argument can be made that, notwith-

---

[1] 272 Ga. 591 (533 SE2d 88) (2000).
[2] Id. at 592-593 (1).
[3] Id.

standing this apparent limitation on the use of OCGA § 17-10-2, the State should also be required to provide notice of its intent to use a prior conviction in aggravation of punishment following guilty pleas.[4] Indeed, such a requirement would be consistent with the purpose of the Code section, which is "to give [a] defendant a chance to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such [evidence] inadmissible."[5] Pretermitting whether this Code section should apply to guilty pleas, however, Autry's claim of error lacks merit.

The gist of Autry's claim is that, in failing to object to the introduction of evidence in aggravation of sentencing, his attorney rendered ineffective assistance of counsel. In order to prevail on such claim, Autry is required to show prejudice.[6] In its order denying Autry's motions, the trial court stated that, in sentencing Autry, none of its reasons "included the past record of the defendant whatever it might have been." As the record demonstrates that the trial court did not rely upon the evidence in aggravation of sentencing, Autry is unable to establish prejudice. It follows that this claim of error presents no basis for reversal.

2. In his second enumeration of error, Autry asserts that the trial court erred in concluding that, under the totality of the circumstances, his guilty plea was freely and voluntarily entered. Although Autry acknowledges that the trial court undertook all of the technical requirements to ensure that his plea was voluntary, Autry nonetheless argues that his attorney essentially induced the guilty plea by promising that Autry would be given less jail time than the one year offered by the State during plea bargaining. We find this argument unavailing.

Even though Autry relied, in good faith, on his attorney's advice in deciding to plead guilty, he cannot avoid the legal consequences of his plea, notwithstanding the actual outcome.[7] "A defendant's subjective hopes and unfulfilled desires, not induced by the court or state, are not good grounds for attacking the resulting plea and sentence."[8] Where, as here, the record demonstrates that the plea was freely and voluntarily entered, the trial court did not err in denying Autry's

---

[4] See *Moss v. State*, 159 Ga. App. 317, 318 (283 SE2d 275) (1981) (applying predecessor statute to OCGA § 17-10-2 to sentencing following plea of guilty).

[5] (Punctuation omitted.) *Howard v. State*, 233 Ga. App. 724, 726 (1) (b) (505 SE2d 768) (1998).

[6] See *West*, supra at 591; see also *Veal v. State*, 242 Ga. App. 873, 876 (3) (531 SE2d 422) (2000) ("a conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct prejudiced the defendant").

[7] See *Cullers v. State*, 247 Ga. App. 155, 156 (543 SE2d 763) (2000).

[8] (Punctuation omitted.) Id.

motions to withdraw his plea, to set aside the judgment, or to grant a new trial.[9]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 1, 2001 —
RECONSIDERATION DENIED JUNE 18, 2001 —

*Smith, Price & Wright, Charles G. Price*, for appellant.
*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.

