A05A0196. MILLER v. THE STATE.
(614 SE2d 796)

MILLER, Judge.

Following a jury trial, Kirk Gordon Miller was found guilty of aggravated stalking, aggravated assault, and aggravated battery. On appeal he contends that (1) the evidence was insufficient to sustain his conviction for aggravated stalking, (2) the trial court improperly failed to merge the aggravated assault and aggravated battery charges for sentencing purposes, (3) the trial court erred in its charge on aggravated battery, and (4) both his trial counsel and first appellate counsel rendered ineffective assistance. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that following a September 27, 2001 domestic altercation with his wife, Miller was arrested for family violence battery and cruelty to children. As a condition of his bond, Miller voluntarily signed in the presence of a magistrate judge a "Special Conditions of Bond" document, in which Miller agreed to "(a) [s]tay away, absolutely, directly or indirectly, by person and telephone, from the person, home, and job of [his wife] subject to the following exceptions: (b) [Miller] may contact victim about visitation with children, and [is] allowed to return to residence to get his things while victim is gone."

On November 15, 2001, Miller got into another domestic dispute with his wife, and police were once again called to the scene. When the police arrived, however, Miller had already fled. Miller called his wife that same evening and threatened to return to the house and force her to "perform her wifely duties." Miller's wife feared that her husband was going to hurt her, so she asked a male friend to come to the house to protect her. Mrs. Miller drove to pick up the friend, and as she was returning home she saw Miller leaving the area of her house in her van.

At around 5:00 a.m. on November 17, Mrs. Miller was asleep in her room and her male friend was asleep on the downstairs couch. Miller broke into the home through the back door, waking the male friend. The man confronted Miller in the kitchen, and Miller attacked him. During the ensuing scuffle, Miller squirted the man with lighter fluid and set him on fire, causing second and third degree burns to over 20 percent of the man's body. Miller then fled the scene.

Miller was found guilty of aggravated stalking, aggravated assault, and aggravated battery. He now appeals.

1. Miller contends that the evidence was insufficient to sustain his conviction for aggravated stalking. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of aggravated stalking when such person, in violation of a bond[, order, injunction, or condition], follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-91 (a). "[T]he term 'harassing and intimidating' means a knowing and willful course of conduct directed at a specific person which causes emotional

distress by placing such person in reasonable fear for such person's safety . . . and which serves no legitimate purpose." OCGA § 16-5-90 (a) (1).

Here, Miller violated the conditions of his bond by contacting his wife and threatening to force her to have sex with him. Mrs. Miller was placed in fear for her safety by Miller's harassing conduct. Miller also broke into his wife's home while she was sleeping and attacked the man present there for the purpose of protecting her from Miller. The evidence sufficed to sustain the conviction. See, e.g., *Littleton v. State*, 225 Ga. App. 900, 902-903 (4) (485 SE2d 230) (1997); see also *Bogan v. State*, 255 Ga. App. 413, 414 (1) (565 SE2d 588) (2002).

2. Miller's argument that the trial court erroneously failed to merge the aggravated assault and aggravated battery charges for sentencing purposes is belied by the record. As Miller concedes, the trial court announced that it would be merging the two counts for sentencing purposes. Further, the final sentencing order expressly states that the aggravated assault and aggravated battery charges were merged for sentencing purposes, and the sentence given reflects this merger.

3. Miller urges that the trial court improperly charged the jury on aggravated assault. However, Miller failed to object to the charge or to reserve objections to the charges and has therefore waived review of this issue on appeal. *Preer v. State*, 275 Ga. 125, 126 (2) (562 SE2d 175) (2002).

4. Miller argues that both his trial counsel and first appellate counsel rendered ineffective assistance on a variety of grounds. However, these arguments lack merit.

To prove ineffective assistance, Miller was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

We have carefully reviewed the trial transcript and the motion-for-new-trial transcript and have determined that ample evidence supported the trial court's finding that Miller did not carry his burden of proving ineffective assistance. All of Miller's arguments alleging ineffective assistance of his trial counsel involve either (1) strategic decisions or (2) actions that failed to harm Miller. We find it unnecessary to specifically address each and every one of Miller's numerous instances of challenged trial tactics. *Esquivel v. State*, 236 Ga. App. 325, 325-326 (512 SE2d 61) (1999). It is sufficient to say that the

decisions on which witnesses to call, how to conduct cross-examinations, and what objections to make are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not amount to ineffective assistance. See *Schwindler v. State*, 254 Ga. App. 579, 588-589 (10) (563 SE2d 154) (2002). In addition, the actions of Miller's trial counsel that resulted in no harm to Miller do not provide any basis for a finding of ineffective assistance. See OCGA § 17-10-7 (a) (only one additional felony conviction needed in aggravation of felony sentence to mandate maximum punishment); cf. *Autry v. State*, 250 Ga. App. 107, 109 (1) (549 SE2d 769) (2001) (counsel was not ineffective for failing to object to convictions allegedly used in aggravation of sentence where trial court did not rely on the prior convictions for sentencing purposes).

As for Miller's attempt to raise ineffectiveness arguments regarding first appellate counsel's failure to do a better job of proving trial counsel's ineffectiveness, such efforts are misplaced. To the extent that Miller wishes to challenge the effectiveness of first appellate counsel, the only means by which Miller may pursue this ineffectiveness claim is through a habeas corpus proceeding. *Williams v. State*, 270 Ga. App. 371, 372 (2) (606 SE2d 594) (2004).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 19, 2005 —
RECONSIDERATION DENIED MAY 6, 2005.

*Rodney Q. Quarles*, for appellant.
*Kermit N. McManus, District Attorney, Matthew A. Rankin, Assistant District Attorney*, for appellee.

