A05A1821. HENDERSON v. THE STATE.
(627 SE2d 150)

BERNES, Judge.

Perry Lee Henderson was found guilty of aggravated battery by a Monroe County jury and sentenced to 20 years in confinement. Henderson appeals from the denial of his motion for new trial, contending only that his trial counsel provided ineffective assistance at the presentence hearing. We find no error and affirm.

Construing the evidence in the light most favorable to the verdict, the evidence shows that after B. H. informed Henderson that he had to move out of her apartment, she became fearful of Henderson and went into hiding, staying with a cousin. When she returned to her apartment a few days later accompanied by her cousin to retrieve a personal item, B. H. encountered Henderson, who persuaded her to come inside to talk. Once inside, Henderson struck her in the face with his fist, hitting her repeatedly. He then stomped, pounded and jumped on her. When she tried to get away, Henderson picked her up and threw her bodily out the door onto the sidewalk. By this time, B. H.'s cousin had exited her car and saw Henderson throwing B. H. out the door. As Henderson fled the scene, he told the cousin, "she got just what she deserved." B. H. sustained a broken nose, fractured skull, and dislocated shoulder.

Henderson contends that his trial counsel provided ineffective assistance at the presentence hearing by allowing the trial court to

hear evidence relating to Henderson's two prior misdemeanor convictions. To prevail on an ineffective assistance of counsel claim, a defendant must show not only that his trial counsel's performance was deficient but also that the deficient performance prejudiced his defense. See *Miller v. State*, 273 Ga. App. 171, 173 (4) (614 SE2d 796) (2005). Failure to make the requisite showing on either prong is fatal to an ineffective assistance of counsel claim. See *Coburn v. State*, 252 Ga. App. 315, 320-321 (4) (c) (555 SE2d 750) (2001).

At the motion for new trial hearing, the trial judge explained that his sentencing decision was based upon the victim's graphic testimony, the severity of the beating inflicted upon her, and the extreme violence of the act — not upon Henderson's two prior misdemeanors. Because the record shows that in determining Henderson's sentence, the trial court did not rely upon testimony or evidence regarding the prior misdemeanors, Henderson has failed to establish the requisite prejudice, i.e., a reasonable probability that but for trial counsel's alleged error, the outcome of the proceeding would have been different. *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Accordingly, this claim of error affords no basis for reversal. *Villegas v. State*, 262 Ga. App. 55, 56 (1) (584 SE2d 666) (2003) (where sentencing court did not consider evidence relating to defendant's first offender plea, any error in admitting such plea was not harmful); *Autry v. State*, 250 Ga. App. 107, 109 (1) (549 SE2d 769) (2001) (defendant not prejudiced by trial counsel's failure to object to evidence offered in aggravation where trial court did not rely upon such evidence in sentencing the defendant).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 9, 2006.

*Leo J. Kight, Jr.*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.

