### 60738. DeNAMUR v. THE STATE.

DEEN, Chief Judge.

John DeNamur brings this appeal from his conviction of armed robbery following the denial of his motion for a new trial. (It was alleged that his participation in the crime consisted of driving the getaway vehicle.)

1. Appellant contends that the trial court erred in overruling his motion for a mistrial after the District Attorney made an improper argument to the jury during his closing argument.

The District Attorney argued: "But it's possible to have somebody along who — or to use somebody in some way in a robbery as an unwilling or unknowing participant, but what benefit would they get by saying he was involved when he wasn't? Who wants to prosecute innocent people? What pleasure does the Grand Jury get out of indicting these people?" At this point, defense counsel objected and moved for a mistrial. The court held: "Mr. Martin, I deny your motion for mistrial and instruct Mr. Conger to argue the facts in this case and logical deductions from them. And you ladies and gentlemen will disregard what pleasure anybody might or might not get out of prosecuting . . . Now argue the facts, Mr. Conger."

In *Barnum v. State,* 136 Ga. App. 469, 472 (221 SE2d 829) (1975), this court held that a similar argument ". . . was tantamount to arguing that the grand jury would not have indicted unless the defendant was guilty, and was an effort to have the jury consider the indictment as evidence of guilt. An indictment by a grand jury creates no presumption of guilt; the defendant is presumed not guilty throughout the trial until and unless the state introduces evidence *in this trial* sufficient to remove such presumption of innocence. This failure of the trial judge to take proper protective and corrective measures *then and there* and without waiting until his charge to the jury, was clearly reversible error and warrants a new trial. *Butts v. State,* 13 Ga. App. 274 (1) (79 SE 87); *Brock v. State,* 91 Ga. App. 141 (1) (85 SE2d 177)."

In the present case, the court's instruction to the jury was totally inadequate to eliminate prejudice to the defendant. It was not until charge that the jury was informed that an indictment by a grand jury was not evidence of guilt and that the defendant carried a presumption of innocence to trial with him. Accordingly, we reverse for a new trial.

2. Appellant's remaining enumerations of error are all concerned with rulings on motions for a mistrial and need not be considered as this case must be retried.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

ARGUED OCTOBER 1, 1980 — DECIDED
OCTOBER 28, 1980 —

*Samuel W. Worthington, III,* for appellant.

*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.