46066. BEACH v. THE STATE.
46067. WYATT v. THE STATE.
(373 SE2d 210)

GREGORY, Justice.
Wyatt and her son by a previous marriage, Beach, were accused

of murdering Wyatt's husband for his insurance by shooting him four times as he slept in his bed on January 19, 1988. Beach had told his brother that he was going to kill the victim and on the night of the incident said that he needed an excuse to go riding around. The evidence indicated that the bullets removed from the body were fired from Beach's gun. The home had been ransacked and a video cassette recorder was found in a dumpster nearby. Wyatt was continuously with her son at all times before and after the murder.

Wyatt and Beach were convicted in Colquitt Superior Court of murder and possession of a firearm during the commission of a crime.[1] They now appeal their sentences of life imprisonment for murder and five years for the firearm possession.

## Case No. 46066

1. Beach argues that a mistrial should have been granted because the State placed his character into evidence in the jury's presence when a State's witness referred to Beach's prior convictions. We hold that the trial court correctly denied the motion. The answer was not responsive to the question and the trial court gave proper curative instructions to the jury. *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982).

2. Beach also argues that the District Attorney made improper remarks in the jury's presence, in violation of OCGA § 17-8-75. When a witness testified that blankets were folded neatly over the victim, the District Attorney, sitting next to the jury, commented "Just like a woman would do."

During a recess, the defense attorneys brought the comment to the court's attention. Wyatt's attorney specifically said that he did not want a mistrial and Beach's attorney agreed that a cautionary instruction was sufficient. We hold that because no motion for mistrial

---

[1] The victim was killed on January 19, 1988. The defendants were indicted during the February 1988 term in Colquitt County. The jury returned its verdicts of guilty on May 20, 1988. The notices of appeal were filed on May 31, 1988. The cases were docketed in this court on July 29, 1988 and argued on October 11, 1988.

was made, the trial court did not err in failing to direct a mistrial.

### Case No. 46067

Wyatt argues that the verdict was contrary to law under OCGA § 24-4-6 and against the weight of the evidence. We hold that the jury was authorized to find that the circumstantial evidence was sufficient to exclude every reasonable hypothesis save the guilt of the accused. A jury could have found beyond a reasonable doubt that Wyatt and her son planned to kill her husband in order to collect his insurance money.

We also hold that a rational trier of fact could have found both Beach and Wyatt guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We have examined the remaining issues raised by the appellants and find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1988 — RECONSIDERATION DENIED NOVEMBER 22, 1988.

*Ronnie Joe Lane*, for appellant (case no. 46066).

*Gilbert J. Murrah*, for appellant (case no. 46067).

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.