A93A0072. GRIER v. THE STATE.
(433 SE2d 685)

COOPER, Judge.

Appellant appeals his conviction for selling cocaine in violation of the Georgia Controlled Substances Act. He was sentenced to a mandatory life sentence pursuant to OCGA § 16-13-30 (d).

As part of an undercover investigation conducted on June 20, 1991, two agents with the East Metro Drug Enforcement Team went to an apartment complex for the purpose of buying drugs. The agents were dressed in civilian clothes and drove an unmarked car equipped with a hidden video camera. When the agents arrived at the apartments, appellant approached their car, and one of the agents asked appellant for a "rock." Appellant then produced what appeared to be a piece of crack cocaine. The agent gave appellant $20 in exchange for the substance. Based on the videotape a warrant was issued, and appellant was subsequently arrested. At trial, a witness from the state crime lab testified that the substance purchased by the agents tested positive for cocaine.

1. Appellant first contends that the trial court erred in denying his motion for mistrial made when one of the State's witnesses referred to a statement made by appellant which the trial judge had ruled inadmissible. The record reflects that appellant made a timely request pursuant to OCGA § 17-7-210 for all statements made by appellant. The State complied with the request by furnishing appellant with a statement he made after his arrest, in which appellant stated: "I sold dope to get dope." During the Jackson-Denno hearing, the agent who took appellant's statement testified that in addition to the above statement, appellant also stated that he may have sold dope on June 20, 1991. Appellant objected to the latter portion of the statement on the grounds that it had not been furnished to him pursuant to his request. The trial court agreed and ruled the second portion of the statement inadmissible. When the jury returned, the prosecutor asked the witness whether appellant gave a statement in response to the question about whether he sold drugs on June 20, 1991, and the agent testified that appellant said that he may have. Appellant's at-

torney objected and moved for a mistrial. The trial judge denied the motion for mistrial but instructed the jury to disregard the witness' response. " 'When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. [Cit.]' [Cits.] Whether the giving of corrective instructions is sufficient to cure the error, or whether the declaration of a mistrial is necessary, are questions addressing themselves to the discretion of the trial judge. [Cits.]" (Indention omitted.) *Richardson v. State*, 199 Ga. App. 10, 12 (2) (403 SE2d 877) (1991). We find no abuse of discretion in the denial of the motion for mistrial.

2. Appellant's defense at trial was that he sold the agents marijuana but not cocaine. In his second enumeration of error, appellant contends that the trial court should have allowed him to explain that the reason why he only sold marijuana was because he had been advised by his previous attorney that if he were convicted again of selling cocaine he would receive a life sentence. The trial court allowed appellant to testify that he switched from selling cocaine to marijuana after his first conviction because he knew that if he were caught selling cocaine again he would "be in big trouble." We find no error in the trial court's ruling that appellant could not testify regarding the specific punishment for a second conviction of selling cocaine. See *Hill v. State*, 239 Ga. 799 (1) (239 SE2d 15) (1977).

3. Appellant argues that the trial court erred in admitting evidence of his prior conviction for selling cocaine as a similar transaction. The State called as a witness a former narcotics undercover agent who testified that in August 1989, he, another agent and a confidential informant drove by a location where it was believed they could purchase drugs. Appellant approached their car and asked them what they were looking for. The informant stated that they were looking for $20 worth of drugs, and appellant sold the agent two $10 portions of suspected crack cocaine. The former agent also testified that approximately one month later on the same street, he was with another agent when appellant approached their car and sold the other agent a $20 piece of cocaine. Appellant was subsequently arrested and indicted for selling cocaine. He pled guilty and a certified copy of appellant's guilty plea to the charges was introduced. Appellant argues that the similar transaction evidence should not have been admitted because in the prior case, he had not been provided with a copy of the scientific reports pursuant to OCGA § 17-7-211. We find no merit to appellant's argument. " 'There are two conditions to admissibility [of similar transaction evidence]. The first condition is that there must be some evidence establishing that the independent crime was com-

mitted by the defendant. The evidence may be circumstantial but it must be more than mere speculation. (Cits.) . . . The second condition of admissibility requires that there "be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." (Cit.)' [Cit.]" *Banks v. State*, 201 Ga. App. 266, 267-268 (1) (410 SE2d 818) (1991). The similar transaction evidence met the two conditions for admissibility, and the trial court properly overruled appellant's objection to the evidence.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, P. J., concurs in judgment only as to Division 2.*

DECIDED JUNE 29, 1993.

*Garland & Milam, J. Byrd Garland,* for appellant.
*Tommy K. Floyd, District Attorney, Gregory A. Futch, Robert G. Dunn III, Assistant District Attorneys,* for appellee.