## A94A0504. MILLER v. THE STATE.
### (443 SE2d 524)

BLACKBURN, Judge.

Mickey Lamar Miller appeals his conviction by a jury of aggravated assault upon a peace officer, theft by receiving, criminal damage to property in the second degree, interference with government property, violation of the Georgia Controlled Substances Act, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Miller asserts that the trial court erred in denying his motion for mistrial.

Viewed in the light most favorable to support the verdict, the evidence revealed that Miller, driving a blue pickup truck, attempted to evade a police officer. During the ensuing chase, the truck spun around 180 degrees and stopped facing the pursuing police officer. The officer stopped his vehicle ten feet from the truck and was able to positively identify Miller as the driver. As the chase continued, Miller shot at the officer through the back window of the truck. Miller's truck left the road and continued into a wooded area. The police set up a containment perimeter around the wooded area and located the truck where it had struck a tree. Several hours later Miller was located; he was wet, muddy and cold. Miller was arrested and searched. The search revealed approximately one-half of a gram of methamphetamine and nicotinamide, a controlled substance.

Miller complains that the State's witness' testimony regarding factors which may affect the reliability of an atomic absorption test, despite the witness' failure to be qualified as an expert, required the grant of his motion for mistrial. The witness was an investigator with the Gwinnett County Police Department who investigated the scene of Miller's arrest. The witness testified that an atomic absorption test is the most common test used to determine whether a person had recently fired a gun. Thereafter the State asked: "Based on your personal experience and not upon what somebody else may have told

you, do you have a professional opinion as to the reliability of that test?" The witness testified, without objection: "The test varies upon conditions and types of weapons that are fired. For example, a semi-automatic weapon would not, in some cases, blow back the powder that would be detected on the atomic absorption test. Whereas the revolvers having the less closer tolerances would. Also factors that would affect the results would be wind, weather, wetness, anything such as that."

The witness further affirmed, without objection, that the surface or contact points upon a subject's actual hand would affect the valid-ity of the test. After the trial court sustained Miller's counsel's lead-ing objection, the State asked: "What factor, if any, might lend them-selves [sic] to the reliability or unreliability of that test regarding a person's skin?" The witness responded: "In this particular case, the weather at the time of this incident was rainy, wet, the ground under-growth, anything such as that was fairly wet. The gun powder residue can be washed off of a person's skin." Miller's counsel then objected. The court "order[ed] the jury to disregard that, disabuse it from your mind. He has not been qualified as an expert, and it's inadmissible." Thereafter, Miller's counsel moved for a mistrial. The court admon-ished the prosecutor, sustained the objection, ordered "once again the jury disabuse it from your mind," and overruled the motion for mis-trial.

"When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. Whether the giving of corrective in-structions is sufficient to cure the error, or whether the declaration of a mistrial is necessary, are questions addressing themselves to the dis-cretion of the trial judge." (Citations and punctuation omitted.) *Grier v. State*, 209 Ga. App. 283, 284 (433 SE2d 685) (1993). The Supreme Court of Georgia established relevant circumstances to consider in de-termining whether the trial court abused its discretion in denying a motion for mistrial in *Sabel v. State*, 250 Ga. 640, 644 (300 SE2d 663) (1983), overruled on other grounds *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984). "Some of the factors and circumstances to be reviewed include the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety. [Cits.]" *Sabel*, supra.

Considering the witness' testimony that was allowed without ob-jection, additional testimony by the officer who was following Miller when shots were fired, and the trial court's action in withdrawing the objectionable testimony from the jury's consideration we conclude that the trial court did not abuse its discretion in denying Miller's

motion for mistrial.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1994.

*Ronnie K. Batchelor*, for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.