## A03A0097. JENKINS v. THE STATE.
(576 SE2d 68)

PHIPPS, Judge.

James Jenkins appeals his convictions of rape, aggravated child molestation, and child molestation of B. K. He challenges the sufficiency of the evidence to support his rape conviction, and he complains of the trial court's failure or refusal to declare a mistrial based on objectionable comments by the prosecuting attorney during closing argument. Finding the evidence sufficient and no abuse of discretion by the trial court, we affirm.

Jenkins was the boyfriend of B. K.'s mother. B. K.'s testimony authorized the jury to find that when she was nine years old, Jenkins took her into her mother's room when no one else was at home, pulled down her clothing, inserted his penis into her vagina and anus, placed his penis in her mouth, and placed his mouth on her vagina. According to B. K., Jenkins had molested her more than once, and she testified that sometimes Jenkins would reward her by giving her cookies or ice cream and sometimes he would threaten to whip her if she told anyone. The court admitted evidence concerning a pretrial statement written out by the police and signed by Jenkins, as well as two oral pretrial statements by B. K. — one to police and another (videotaped statement) to a forensic interviewer. B. K.'s pretrial statements were consistent with her trial testimony. In his pretrial statement, Jenkins admitted that he had been molesting B. K. At trial, he recanted this admission and claimed that he had signed the statement along with a waiver of rights form under duress. When

asked whether he had ever touched B. K., he responded, "I've beat her, that's all."

1. Jenkins first contends that the evidence is insufficient to support the charge that he had carnal knowledge of B. K. "forcibly."

Under OCGA § 16-6-1 (a) (1), a person commits the offense of rape when he has carnal knowledge of a female "forcibly and against her will." Under OCGA § 16-6-1 (a) (2), the offense of rape is committed where a person has carnal knowledge of a female "who is less than ten years of age." Because the indictment charged Jenkins with having had carnal knowledge of B. K. forcibly and against her will, the State was required to prove these allegations.

"The term 'against her will' means without consent; the term 'forcibly' means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation."[1] As recognized in *State v. Collins*,[2] the terms "forcibly" and "against her will" constitute two separate elements in rape cases, and although the fact that a victim is under the age of consent may supply the "against her will" element in a forcible rape case (because it shows that the victim is incapable of giving legal consent), it cannot supply the element of force.[3] *Drake v. State*,[4] cited in *Collins*, reasoned that presuming force from the victim's age in forcible rape cases would, as a practical matter, eliminate the crime of statutory rape. Instead, *Drake* concluded that the element of force was supplied by the child's fear that the defendant would beat her or her mother if she resisted. "[L]ack of resistance, induced by fear, is force."[5] In this case, B. K. testified that Jenkins threatened to whip her if she told anyone, and Jenkins admitted that he had beaten her. Viewed in a light most favorable to the verdict, this evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that the victim's lack of resistance on the occasion in question was induced by fear amounting to force.[6]

2. Jenkins contends that the trial court erred in not declaring a mistrial when, during closing argument, the prosecuting attorney stated that the jury had been allowed to hear Jenkins's pretrial statement because the judge determined that his constitutional rights had not been violated.

Although no objection or motion for mistrial was made by the

---

[1] (Footnote omitted.) *State v. Collins*, 270 Ga. 42, 43 (508 SE2d 390) (1998).

[2] Id.

[3] Id. at 42-43. Paragraph (2) of OCGA § 16-6-1 (a) was enacted the year after *Collins* was decided.

[4] 239 Ga. 232 (1) (236 SE2d 748) (1977).

[5] (Punctuation and footnote omitted.) *Blansit v. State*, 248 Ga. App. 323, 325 (546 SE2d 81) (2001).

[6] See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

defense, the court promptly instructed the jury that the court had only made a preliminary determination concerning the constitutional validity of Jenkins's pretrial statement, and that the issue of whether the statement was obtained in violation of his constitutional rights was ultimately for the jury to determine.[7] During its general charge, the court thoroughly instructed the jury on the State's burden to establish the knowing and voluntary nature of the defendant's statement, the obligation of the police to ensure that the statement was not obtained in violation of the defendant's constitutional rights, and the jury's duty to determine whether the police had complied with their obligation and whether the State had met its burden. Those instructions were adequate to prevent the jury from being tainted by the knowledge that the judge had already ruled on the evidence. Moreover, because no motion for mistrial was made, the court did not err in failing to direct a mistrial.[8]

3. Jenkins contends that the court erred in denying his motion for mistrial when, during closing argument, the prosecuting attorney argued facts not in evidence.

The prosecutor stated that defense counsel had made a "pretty big deal" about certain medical records, and then commented, "Where are the medical records? I can tell you this, if there were medical records available to me, I guarantee you, you would have them. And you don't have them. So what does that tell you?" The court interjected that this was an improper argument, whereupon Jenkins moved for a mistrial. The court denied the motion but instructed the jury to disregard the prosecutor's comments.

Because it does not appear where in the trial transcript defense counsel alluded to the medical records, the meaning of the prosecutor's comments is unclear. If the prosecutor was attempting to excuse his own failure to produce medical records by arguing that they were not available to him, his remarks were improper. If, however, the prosecutor was commenting on the nonproduction of medical records relied on by the defense, arguably the remarks were not improper.[9] Under the circumstances, it does not appear that the trial court

---

[7] Compare *DeNamur v. State*, 156 Ga. App. 270 (1) (274 SE2d 673) (1980) (where prosecuting attorney suggested to jury that indictment by grand jury was evidence of defendant's guilt, and it was not until general charge that jury was informed that indictment is not evidence); *Spry v. State*, 156 Ga. App. 74, 76 (3) (274 SE2d 2) (1980) (in prosecution charging defendants with distributing obscene material by reason of having offered magazine for sale, prosecuting attorney informed jury that a judge had already made a determination that magazine was obscene; and court took no remedial action other than instructing jury to consider only testimony from the witness stand as evidence).

[8] *Beach v. State*, 258 Ga. 700, 701-702 (2) (373 SE2d 210) (1988).

[9] See *Shirley v. State*, 245 Ga. 616, 618 (1) (266 SE2d 218) (1980) (prosecutor can argue to jury inferences to be drawn from defendant's failure to produce allegedly favorable evidence, although comment on defendant's failure to testify is prohibited).

abused its discretion in determining that any prejudicial effect of the prosecutor's comments could be corrected by instructing the jury to disregard the comments rather than by declaring a mistrial.[10]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 6, 2003.

*Garrett & Gilliard, Michael C. Garrett*, for appellant.

*Daniel J. Craig, District Attorney, Jason R. Troiano, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[10] See generally *Grier v. State*, 209 Ga. App. 283, 284 (1) (433 SE2d 685) (1993); compare *Tate v. State*, 191 Ga. App. 727, 728 (3) (382 SE2d 688) (1989) (where trial court failed to instruct jury to disregard prosecuting attorney's reference to prejudicial matters not in evidence).