**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 24, 2015**

# In the Court of Appeals of Georgia

A15A1514. THOMAS v. THE STATE.

MCFADDEN, Judge.

Frank James Thomas was convicted of burglary and sentenced to a term of imprisonment as a recidivist. Years later, Thomas filed a motion to "vacate and correct a void sentence," arguing that he should not have been sentenced as a recidivist because the state failed to introduce a true copy of the indictment for one of his prior convictions and because the trial court failed to determine that the probative value of his prior convictions outweighed their prejudicial effect. The trial court denied his motion and Thomas filed this appeal. We, however, lack jurisdiction. Accordingly, we dismiss this appeal.

Under OCGA § 17-10-1 (f), a sentencing court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct

appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). Once this statutory period has expired, a sentencing court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) (citations omitted). Claims challenging the admissibility of evidence of prior convictions for recidivist sentencing purposes do not amount to claims that the sentence imposed was void. Id. at 572-573 (2). As Thomas has not raised a valid void sentence claim, we lack jurisdiction over this appeal. Id. at 575 (3).

*Appeal dismissed. Ellington, P. J., and Dillard, J., concur.*