# Court of Appeals
# of the State of Georgia

ATLANTA,    July 15, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1382.  MELVIN HARRIS v. THE STATE.**

In 2005, Melvin Harris was convicted of rape and possession of a firearm by a convicted felon. His convictions were affirmed on appeal in *Harris v. State*, 283 Ga. App. 374 (641 SE2d 619) (2007). In 2015, Harris filed a "Motion to Vacate Void and Illegal Sentences" alleging, inter alia, that his sentence of life without parole for rape is illegal because he had not been previously convicted of a "serious violent felony." The trial court dismissed the motion, and Harris filed this direct appeal.

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) (citations omitted).

Here, Harris was not sentenced as a recidivist based on a prior conviction for a "serious violent felony" within the meaning of OCGA §§ 17-10-6.1 and 17-10-7 (b). Rather, Harris was sentenced as a recidivist under OCGA § 17-10-7 (a) and (c), neither of which requires a prior conviction for a serious violent felony. Given Harris's numerous prior felony convictions, his life sentence for rape does not impose punishment that the law does not authorize. See OCGA §§ 16-6-1 (b); 17-10-7 (a),

(c). Because Harris has not raised a colorable claim that his sentence is void, this appeal is hereby DISMISSED for lack of jurisdiction. See *von Thomas*, supra at 575 (3); *Thomas v. State*, 334 Ga. App. 4 (778 SE2d 18) (2015).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  07/15/2016
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

             , *Clerk.*