# Court of Appeals
# of the State of Georgia

ATLANTA, _January 17, 2019_

*The Court of Appeals hereby passes the following order:*

**A19A1075.  JAMES E. JENKINS v. THE STATE.**

James E. Jenkins was convicted of one count of rape, one count of child molestation, and three counts of aggravated child molestation. He was sentenced to prison terms of life for the rape conviction, 20 years for the child molestation conviction, and 30 years each for the aggravated child molestation convictions. We affirmed his convictions on appeal. *Jenkins v. State*, 259 Ga. App. 87 (576 SE2d 68) (2003). Jenkins later filed a "Motion to Vacate and/or Correct Null and/or Void Illegal Conviction and/or Sentence Pursuant to OCGA 17-9-4,"[1] which the trial court denied. He now appeals.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). However, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a valid claim that the sentence is, in fact, void. *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to

---

[1] OCGA § 17-9-4 provides, "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Jenkins argued that his sentence exceeded the applicable statutory range. However, the versions of OCGA §§ 16-6-1 (murder), 16-6-4 (b) (child molestation), and 16-6-4 (d) (aggravated child molestation) in effect when Jenkins was sentenced allowed for the sentences he received – life imprisonment for rape, 20 years for child molestation, and 30 years for aggravated child molestation. Thus, Jenkins' sentence fell within the applicable statutory range and is not void. See id. Jenkins also argued that his sentence was unfair and that he should have been found not guilty by reason of insanity, but these arguments do not raise a valid claim that his sentence is void.

In the absence of a valid void-sentence claim, this appeal is hereby DISMISSED. See *von Thomas*, 293 Ga. at 575 (3); *Thomas v. State*, 334 Ga. App. 4 (778 SE2d 18) (2015).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  01/17/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*