# Court of Appeals
# of the State of Georgia

ATLANTA,  February 21, 2020

*The Court of Appeals hereby passes the following order:*

## A20A1291.  ROBERT JAY DAVIS v. THE STATE.

In 2014, Robert Jay Davis was convicted of aggravated stalking and was sentenced to serve ten years as a recidivist, consecutive to another sentence for a prior stalking conviction. His 2014 sentence also included a permanent restraining order prohibiting Davis from contacting his victim and her family. We affirmed Davis's conviction and sentence on direct appeal in an unpublished opinion. See Case No. A15A0305 (decided July 10, 2015).[1] Back in the trial court, Davis filed a motion to correct a void sentence. The trial court denied the motion, and Davis now appeals. We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that . . . the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Davis argued that his sentence was void because the permanent restraining order took effect immediately, while the confinement portion of the

---

[1] Davis later filed a motion to modify his sentence, which the trial court denied. We affirmed on appeal in an unpublished opinion. See Case No. A17A0866 (decided Oct. 27, 2017).

sentence did not begin to run until Davis had finished serving the sentence for his prior stalking conviction. Under OCGA §§ 16-5-90 (d) and 16-5-91 (b), however, the trial court had the authority to issue a permanent restraining order at the time of sentencing. The court also had the authority to impose a sentence that was partially consecutive to another sentence. See *State v. Riggs*, 301 Ga. 63, 74 (2) (799 SE2d 770) (2017). Thus, Davis's void-sentence argument lacks merit.

Because Davis has failed to raise a colorable void-sentence claim, his appeal is hereby DISMISSED for lack of jurisdiction. See *Thomas v. State*, 334 Ga. App. 4, 5 (778 SE2d 18) (2015).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__02/21/2020_____*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*