## 59932. ATES v. THE STATE.

DEEN, Chief Judge.

Robert Ates brings this appeal following his conviction of possession of more than an ounce of marijuana.

1. Appellant first contends that the trial court erred in denying his motion to suppress. Deputy Faulkner testified that he received a telephone call from a Broxton police officer informing him that a reliable informant had reported that Ates was en route to the river to pick up some marijuana and that he would be returning within an hour and that he was driving an older model yellow and black Buick Riviera bearing a front tag with the name "Pappy" on it. The officer informed Faulkner that he had personally observed Ates leaving Broxton heading for the river. Faulkner testified that he did not have time to obtain a warrant and immediately got in his personal automobile and headed for the road Ates was reportedly taking. After spotting the defendant's automobile, he radioed to a deputy in a patrol car and asked him to stop Ates. After he was stopped, Ates consented to a search of his automobile and a bag of green leafy material was discovered. We find that there was a founded suspicion based upon articulable facts justifying the stop. In *Radowick v. State,*

145 Ga. App. 231 (244 SE2d 346) (1978), this court held that an anonymous tip received by the Cobb County Police Department which described the defendant's vehicle in detail and the direction in which it was traveling to be sufficient to justify a brief investigatory stop. Unlike the situation in *Radowick,* supra, there is no evidence that the consent to search was obtained by coercion. At the hearing, the officer testified that the defendant gave his consent immediately after he was stopped. At trial, the defendant admitted that he gave his consent when the officers asked permission to search shortly after he was stopped. We find no error.

2. Appellant also contends that the trial court erred in allowing the District Attorney to administer the oath to the panels of jurors for the purpose of voir dire examination over his objection because Code Ann. § 59-704.1 provides in part: "This oath shall be administered by the trial judge."

This section was added to the Code in 1979 ". . . so as to make mandatory administering an oath to jurors to compel jurors to give a truthful answer to questions asked during the voir dire of all cases; to repeal conflicting laws; and for other purposes." Ga. Laws 1979, p. 1048. In determining the legislative intent of this statute, we must first examine Code Ann. § 59-709. Prior to 1978, this Code section did not specify who administered the oath to the jury in criminal cases and it was frequently administered by the District Attorney. In 1978, the legislature added the requirement that "[t]he judge or clerk of court shall administer the oath to the jurors." Ga. Laws 1978, p. 910. Clearly the use of the word "shall" in both statutes and the change in Code § 59-709 indicate that they intended that the judge was required to administer the oath to the jurors prior to voir dire examination. The state, however, argues that even if the legislature required the judge to administer the oath, the defendant has not shown any harm. We must disagree. "The Georgia Supreme Court has repeatedly held that '[i]t is no answer to the violation of a mandatory rule to say that the record does not show any harm to have resulted to the defendants because of this error, since it has been held in numerous cases that, whenever the rights of a party are withheld or violated, the presumption of law is that he has been injured unless the contrary plainly appears. [Cits.]' " *Evans v. State,* 146 Ga. App. 480, 483 (246 SE2d 482) (1978). We do not find that the contrary plainly appears, because we are unable to determine the prejudice that may form in the jurors' minds when the oath is administered by the prosecuting arm of the state.

3. As this case must be remanded for retrial, it is not necessary to rule upon the defendant's remaining enumerations of error.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED MAY 6, 1980 — DECIDED JUNE 12, 1980 —
REHEARING DENIED JUNE 27, 1980 — 

*Douglas W. Mitchell, III,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.