69431. CASSERLY v. THE STATE.
(325 SE2d 889)

POPE, Judge.
   Appellant George Joseph Casserly was convicted after a jury trial of driving under the influence and following too close. He now appeals enumerating three errors.
   1. Casserly contends that the trial court erred in admitting testimony of the investigating police officer. The officer was investigating the accident in which Casserly's car had struck the rear of a van operated by Terry Bradford. In the course of his investigation, the officer detected a strong odor of alcoholic beverage in Casserly's car. He asked if Casserly had been drinking, and Casserly replied that he had had a few beers while watching football. Shortly thereafter, the officer placed Casserly under arrest and advised him of his implied consent rights and took him to the police station for administration of the breath test. Casserly contends that it was error to allow the officer's testimony regarding the question and reply about whether he had been drinking because the officer had not advised him of his *Miranda* rights. This point has been decided adversely to Casserly in the case of *Collins v. State,* 154 Ga. App. 651 (3) (269 SE2d 509) (1980). We find no error.
   2. Casserly next argues that the trial court erred in admitting the results of the intoximeter test over objection. He argues that the test results were inadmissible because the police failed to note on the Uniform Citation Form the name of the person who performed the test, thus violating Rule 570-9-.06 (11) of the Rules and Regulations of the Department of Public Safety. Trial was held April 24, 1984. The record shows that counsel for Casserly was served with a list of witnesses identifying the intoximeter operator on March 6, 1984. Therefore, the failure to list the person performing the test was harmless error. See

*Lester v. State*, 253 Ga. 235 (4) (320 SE2d 142) (1984).

3. Finally, Casserly asserts that the trial court erred in admitting the results of a second intoximeter test which was administered by agreement between Casserly and the State to test his contention that his asthma medication significantly affected the results of the intoximeter test. Counsel for the State approached counsel for Casserly and suggested the second test. If the results were significantly affected, the State would consider dropping the charges. Casserly consented to take the test, and did so, accompanied by counsel. The results of the second test showed that the medication had no effect upon Casserly's blood alcohol level fifteen to twenty minutes after application of the spray to Casserly's mouth. Casserly argues that it was error to admit results of the test because the agreement between him and the State did not contemplate its use as evidence. However, the State argues and Casserly concedes that there was no specific discussion about the use of the test at trial. The State did not introduce testimony about the second test until after counsel for Casserly had made the effect of the asthma medication upon the intoximeter reading an issue in his cross-examination of the arresting officer and intoximeter operator. Having opened the door, and absent any specific agreement not to use the second test results, Casserly cannot complain of the introduction of the testimony by the State to rebut his argument. The duty of the State is to present all competent evidence to the jury to enable it to determine the truth about the issues at trial. We find no error.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 11, 1985.

*Richard E. Collar, Jr., Alan B. Gordon,* for appellant.

*Richard M. Craig, Carey M. Cameron, Assistant Solicitors,* for appellee.