A98A0461. GROGAN v. THE STATE.
(497 SE2d 589)

JOHNSON, Judge.

Perry Grogan, former sheriff of Paulding County, appeals from his conviction of child molestation. In a single enumeration of error he asserts the trial court judge abused his discretion when he decided during trial, outside the presence of Grogan or his counsel, that a juror's failure to respond to a question during voir dire was immaterial.

The facts giving rise to this challenge were developed at the hearing on the motion for new trial. A juror testified that during voir dire he was asked whether he or any member of his family had been arrested during the period in which Grogan was sheriff and he

responded "no."[1] The juror recalled that no information was given regarding the dates of Grogan's term of office. He was new to the county and was unfamiliar with locally elected officials generally and had never met Grogan. He knew that he had been arrested on a misdemeanor charge, but was unsure of the date. Grogan was not involved in his arrest. As the trial progressed, the juror became concerned that his arrest may have been during Grogan's term of office and told the bailiff.

Barden Ravelle also testified at the hearing on the motion for new trial. Ravelle stated that he had been employed as the chief investigator for defense counsel in connection with the Grogan case. While the jury was deliberating, Ravelle thought he remembered the juror having been arrested during the period in which Grogan was sheriff. Ravelle was a volunteer at the jail at the time. He shared his thoughts with defense counsel. Because the courthouse had already closed for the day, he was unable to confirm his suspicions until the next day, when he ran a criminal history of the juror and found that he was correct. Ravelle informed defense counsel, who did not bring the issue to the court's attention at the time. Rather, counsel waited until Grogan's motion for new trial.

Grogan has not established by the record that the bailiff, or anyone else, relayed the juror's concerns to the trial judge or that the trial judge decided not to pursue the matter. "It is the duty of appellant to show error by the record and mere assertions of error in the brief do not suffice. [Cit.]" *Williams v. State*, 202 Ga. App. 485, 486 (2) (414 SE2d 712) (1992) (physical precedent only). Assuming, without deciding, that the trial judge did abuse his discretion in treating the matter as he did, Grogan was still not relieved from his obligation to raise the issue below or risk waiver. "Counsel may not idly sit by and watch when possible [error] is presented and on appeal claim error. It is necessary, in order to make the same a basis for appellate review that opposing counsel make proper objection or invoke some ruling of the court. A party cannot ignore what he thinks to be error, take his chance on a favorable verdict, and complain on appeal." (Citations and punctuation omitted.) *West v. State*, 224 Ga. App. 190, 191 (2) (480 SE2d 238) (1997). Here, Grogan's counsel knew while the jury was still deliberating, presumably with an alternate available if necessary, that he had questions about one of the jurors. Yet, he did nothing and is now precluded from doing so. See *Foster v. State*, 255 Ga. 425 (339 SE2d 256) (1986).

Moreover, "[t]o invalidate the result of a . . . trial because of a

---

[1] Voir dire was not reported. No attempt has been made to submit a stipulation of the events in accordance with OCGA § 5-6-41 (i). See *Smith v. State*, 209 Ga. App. 699, 700 (2) (434 SE2d 528) (1993).

juror's mistaken, though honest, response to a question, is to insist on something closer to perfection than our judicial system can be expected to give. A trial represents an important investment of private and social resources, and it ill serves the important end of finality to wipe the slate clean simply to recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on *voir dire* examination. We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." (Citations and punctuation omitted.) *Isaacs v. State*, 259 Ga. 717, 741 (44) (e) (386 SE2d 316) (1989). Even if Grogan established at the hearing on his motion for new trial that the juror failed to honestly answer a material question, a correct response would only have allowed Grogan to exercise a peremptory strike and did not, by itself, provide a valid challenge for cause. We see no grounds for reversal.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 13, 1998 —
RECONSIDERATION DENIED MARCH 3, 1998

*Lackland & Heyward, Theodore H. Lackland,* for appellant.
Perry Grogan, *pro se.*
*James R. Osborne, District Attorney,* for appellee.