A01A1555. COBB v. THE STATE.
(555 SE2d 79)

SMITH, Presiding Judge.

Steven Cobb, David Dombrowski, and others were indicted by a Barrow County grand jury on one count of selling marijuana. Cobb was found guilty, and he appeals from the judgment of conviction and sentence, asserting as his sole enumeration of error that the trial court erred in admitting evidence of his prior criminal convictions. Because Cobb "opened the door" to a discussion of his criminal his-

---

[13] Id.

tory by raising the issue in his testimony on direct examination, we affirm.

On direct examination, Cobb testified that his apparent involvement with the marijuana sale for which he was arrested was all a misunderstanding. He contended that he was merely staying in Dombrowski's trailer, that he did not know Dombrowski and his girlfriend were growing marijuana, and that when he discovered Dombrowski engaging in a sale of marijuana, he remonstrated with him and attempted to throw the bag out of the trailer but was intercepted by undercover officers. He explained his conduct by testifying that he had just been released from prison work camp and did not want to go back to prison "for something that's stupid." He asserted, "I learned my lesson." Cobb's counsel then questioned him regarding the previous offense for which he had been confined, theft by receiving. He elaborated on the circumstances of that crime, asserting that he was the innocent victim of a girl who left stolen goods at his house. On cross-examination, the State questioned Cobb over objection about his other convictions for giving a false name and entering an auto.

"Where the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination. [Cit.]" *Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988). "It was appellant, on direct examination, who introduced the topic. He cannot now complain that the prosecutor followed up on cross-examination." (Citations and punctuation omitted.) *Mitchell v. State*, 193 Ga. App. 214, 216 (2) (387 SE2d 425) (1989).

Moreover, in his testimony on direct examination, Cobb expressly stated that, in both the offense charged and his previous conviction for theft by receiving, he was an innocent victim of circumstance. Cobb presented this testimony as a central part of his defense and

> with the purpose of exonerating himself. He therefore did, arguably, put his character in issue or at least raised a matter to be impeached, and the State was allowed to rebut his testimony under the ruling in *Jones*, supra. Further, by attempting to benefit from evidence indicating past criminal conduct, he waived any right in this case to object to the State's right to put that evidence in its true context for the jury. [Cit.]

*Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846) (1994). See also *Roman v. State*, 245 Ga. App. 225, 228-229 (4) (537 SE2d 684) (2000).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 3, 2001.

*Hicks & Massey, Robert M. Gardner, Jr.,* for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.