## A03A1297. VILLEGAS v. THE STATE.
(584 SE2d 666)

JOHNSON, Presiding Judge.

A jury found Jose Mario Villegas guilty of entering an automobile. Villegas appeals, alleging the trial court erred in (1) allowing the state to introduce a prior first offender sentence in aggravation, (2) denying his motion to appoint a psychiatrist, and (3) denying his motion for new trial on the ground of ineffective assistance of counsel. We find no error and affirm Villegas' conviction.

1. Villegas contends the trial court improperly considered his prior first offender plea for entering an automobile in sentencing him in this case. We disagree. Villegas is correct in asserting that a first offender who successfully completes his probation period shall not be considered to have a criminal conviction and thus his record as a first offender cannot be used for purposes of sentencing him as a recidivist.[1] However, the Supreme Court has held that consideration of a defendant's first offender record in aggravation of sentence is differ-

[2] *Colonial Ins. Co. of California v. Progressive Cas. Ins. Co.,* 252 Ga. App. 391, 393 (1) (556 SE2d 486) (2001).
[1] See *Davis v. State,* 273 Ga. 14, 15 (537 SE2d 663) (2000); *Scott v. State,* 216 Ga. App. 692, 694 (4) (455 SE2d 609) (1995).

ent because evidence in aggravation is not limited to convictions, and reliable information tending to show a defendant's general bad character is admissible in aggravation.[2] Here, the record is clear that Villegas was not sentenced as a recidivist. Villegas' first offender plea and sentence were properly admissible at the sentencing hearing.[3] Moreover, even if the first offender plea was not admissible, we find no harmful error requiring reversal since the trial judge specifically noted on the record that he did not consider the prior first offender plea in this case.[4]

2. Villegas argues that the trial court erred in denying his motion for the appointment of a psychiatrist. It is well established that if the court observes facts which raise doubt as to the sanity of the accused, or if such facts are brought to the court's attention by counsel, the question of the defendant's sanity should be settled before further steps are taken in the case.[5] Factors to be considered in determining whether the defendant is competent include reports of the defendant's irrational behavior, the defendant's demeanor at trial, or expert medical opinions regarding the defendant's competency.[6] No information of this nature was present in this case.

Villegas' motion did not reflect any evidence of his allegedly deficient mental capacity. Furthermore, the record shows that Villegas provided his trial attorney with a reasonable alibi, he testified at trial in his own defense, and he gave rational answers on both direct and cross-examination. Villegas has cited to no evidence in the record, and we can locate no evidence in the record, of any mental deficiency which would have interfered with his ability to understand the nature of the proceedings against him. In fact, trial counsel testified at the hearing on Villegas' motion for new trial that there was never a point during the trial when Villegas did not seem to understand what was going on. While Villegas' interpreter testified that he believed Villegas did not fully understand what the interpreter was saying, the interpreter further testified that he thought Villegas was just being "obstinate" and "declining to understand." We find no abuse of discretion in the trial court's denial of Villegas' motion for the appointment of a psychiatrist.[7]

3. Villegas alleges his trial counsel was ineffective. The trial court found that Villegas received effective assistance of counsel. The trial court's finding is not clearly erroneous.

---

[2] *Williams v. State*, 258 Ga. 281, 286-287 (7) (368 SE2d 742) (1988).

[3] *Williams v. State*, 228 Ga. App. 622, 623 (3) (492 SE2d 290) (1997).

[4] See *Autry v. State*, 250 Ga. App. 107, 109 (1) (549 SE2d 769) (2001).

[5] See *Mitchell v. State*, 207 Ga. App. 306, 308 (3) (427 SE2d 814) (1993).

[6] Id.

[7] See *Huzzie v. State*, 236 Ga. App. 192, 194 (2) (512 SE2d 5) (1999); *Perkins v. State*, 215 Ga. App. 296, 297 (450 SE2d 324) (1994).

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[8] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[9] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[10]

(a) Villegas asserts that his trial counsel was ineffective for failing to request a psychiatric evaluation initially in the case. However, the record shows that his attorney did request such an examination later, but that this request was denied. Thus, Villegas cannot show any prejudice in his counsel's failure to request an examination earlier in the proceedings. Moreover, since the evidence supported the trial court's determination that Villegas was competent at the time of trial, Villegas has failed to show any prejudice in counsel's initial failure to request a psychiatric examination.[11]

(b) Villegas urges that trial counsel was inadequately prepared for trial because he failed to fully investigate the case and communicate with Villegas. However, Villegas fails to show what further investigation or communication would have revealed. Absent such a proffer, Villegas cannot meet his burden of making "an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[12]

Furthermore, there was evidence presented at the hearing on Villegas' motion for new trial that trial counsel more than adequately investigated Villegas' case. Trial counsel kept detailed notes of Villegas' case and had a Spanish-speaking investigator who interviewed a number of the state's witnesses. Trial counsel had access to the state's discovery, which he shared with Villegas, including the statements made by the state's witnesses. In addition, trial counsel met with Villegas approximately eight times before trial. There is no evidence that trial counsel failed in any way to adequately investigate the case or communicate with Villegas.

(c) Villegas contends his trial attorney was ineffective because he failed to file formal discovery and failed to analyze certain evidence.

---

[8] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[9] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[10] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[11] See *Huzzie*, supra.

[12] (Citation and punctuation omitted.) *Sewell v. State*, 229 Ga. App. 685, 689 (1) (d) (494 SE2d 512) (1997).

We first note that Villegas' trial counsel is a member of the DeKalb County Public Defender's Office, which has an "open file" policy with the District Attorney's Office, as mandated by the legislature. And trial counsel testified that he obtained complete discovery from the state in this case. Villegas fails to state what more would have been obtained had discovery motions been filed.[13]

As for Villegas' argument regarding his counsel's failure to analyze certain evidence, Villegas has failed to show that further testing or analysis would have proven helpful to the defense.[14] "Failure to proffer at the hearing what would have been shown at trial made it impossible for the court to find the trial result would have been any different had counsel obtained an independent analysis."[15]

(d) With respect to trial counsel's failure to object to the admission of Villegas' first offender plea at sentencing, there was no error since, as we found in Division 1, the state properly introduced this evidence. It is not ineffective assistance of counsel to fail to make a meritless objection.[16]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JUNE 27, 2003.

*Norman H. Cuadra*, for appellant.
*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Assistant District Attorney*, for appellee.

---

[13] See *Lockwood v. State*, 259 Ga. App. 350, 352 (2) (a) (577 SE2d 50) (2003); *Ogle v. State*, 256 Ga. App. 26, 29 (4) (a) (567 SE2d 700) (2002).

[14] See *Mallard v. State*, 242 Ga. App. 774, 777-778 (2) (531 SE2d 196) (2000).

[15] (Citation omitted.) *Sewell*, supra at 688 (1) (b).

[16] See *Fults*, supra at 87 (7); *Jones v. State*, 259 Ga. App. 698, 703 (3) (577 SE2d 878) (2003).