## S03A0165. COLLINS v. THE STATE.
(583 SE2d 26)

HINES, Justice.

Eddie Tercel Collins appeals his conviction for malice murder in connection with the death of Surendragioci Goswami.[1] For the reasons that follow, we affirm.

Construed to support the verdicts, the evidence showed that Collins, Thomas Gaillard, and Tommy Daniel, were smoking marijuana and gambling at Collins's residence; Daniel won most of Gaillard's and Collins's money. Collins resolved to rob a store, removed his jewelry, put on a hooded sweatshirt, and emerged from the house with a pistol. The three men got into Daniel's car and Daniel drove until one of the others told him to stop behind a convenience store.

Collins and Gaillard entered the store. Collins entered first and stood near a drink cooler. Gaillard entered and, as Collins looked on, pointed his pistol at Goswami, the clerk, and demanded money. Gaillard then fired at Goswami. Collins and Gaillard ran from the store. Goswami ran after them. Collins threw his hands in the air and continued running. Gaillard ran behind the store in one direction, Collins in the other. Goswami had a pistol and fired first at Gaillard, then at Collins; he hit neither. Goswami re-entered the store, collapsed shortly thereafter, and died of gunshot wounds.[2]

Collins and Gaillard arrived at the waiting car at the same time. Daniel drove away and the men discussed the fact that Gaillard had shot Goswami. Collins later told his mother "to get rid of" his pistol, which was in a car outside his residence. However, she took the pistol to the police. An in-store video camera recorded the robbery; it was broadcast on local television, which resulted in the arrests of Collins, Gaillard, and Daniel. The videotape was played for the jury at trial.

Collins made two statements to the police. In the first, he told Detective Mayfield that: he encountered Gaillard outside the store; Gaillard told him that he intended to rob the store; Collins did not believe Gaillard; Collins went inside to buy a drink and a cigar, which he intended to use to smoke marijuana; Gaillard entered and

---

[1] Goswami was killed on December 14, 2000. On February 27, 2001, a Bibb County grand jury indicted Collins, along with Thomas Jeff Gaillard II, and Tommy L. Daniel, Jr., for malice murder. Collins was tried alone before a jury on August 17 and 20-21, 2001, and found guilty of malice murder and felony murder. On August 24, 2001, Collins was sentenced to life in prison for malice murder, to be served consecutively to a separate probation revocation; the felony murder stood vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Collins moved for a new trial on September 20, 2001, and amended the motion on February 29, 2002, and again on March 7, 2002; the motion was denied on June 14, 2002. Collins filed a notice of appeal on July 12, 2002. His appeal was docketed in this Court on October 9, 2002, and submitted for decision on March 21, 2003.

[2] The single bullet fragmented, causing several wounds.

robbed the store; Collins left for fear that he would be associated with Gaillard; and he did not earlier tell police of the incident because he did not want to inform on his friend.

In his second statement, Collins told Lieutenant Glover that: he, Gaillard, and Daniel planned to rob a store; Collins was to serve as the lookout, Daniel as the driver, and Gaillard would confront the clerk; Collins and Gaillard entered Daniel's car, each possessing a pistol; when Daniel parked behind the store, Collins left his pistol in the car,[3] and exited the car with Gaillard; outside the car, Collins informed Gaillard that he did not want to participate in the robbery; nonetheless, Collins entered the store before Gaillard to buy a drink; Collins was "shocked" when Gaillard robbed the store and shot Goswami; Collins told Goswami that he had nothing to do with the robbery; Collins ran back to the car while Goswami pursued and shot at Gaillard; the three drove to Collins's residence; there Collins and Daniel saw Gaillard on the broadcast videotape; they told Gaillard that he was on the videotape; Gaillard asked to be driven home; and Daniel drove Gaillard home.

At trial, Collins testified that: he, Gaillard, and Daniel were gambling and smoking marijuana; Daniel won most of the money; Gaillard stated his desire to rob a store; Collins agreed to participate; when they got to the store, Collins left his pistol in the car and told the other men that he did not want to rob the store; he went into the store intending to buy a drink and a cigar before Gaillard had time to rob the store; the robbery was so quick that it took him by surprise; he left, telling Goswami that he had nothing to do with the robbery; and he fled to the waiting car by going around the opposite side of the building from Gaillard.

1. The evidence was sufficient to enable a rational trier of fact to find Collins guilty beyond a reasonable doubt of the crime for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Collins contends that he was not afforded effective assistance of counsel. In order to prevail on this claim, he must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To meet the first prong of this test, he must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's

---

[3] Daniel testified that Collins did not leave his pistol in the car.

conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. *Smith*, supra at 784. The second prong requires that Collins show that there is a reasonable probability that, absent his counsel's unprofessional errors, the result of his trial would have been different. *Smith*, supra at 783.

Collins's first complaint is that during his direct testimony, counsel asked him if he had ever been convicted of a crime; Collins testified that he had been convicted of theft by receiving a firearm, and had received a sentence of three years probation for that crime. Collins contends that counsel thus put before the jury prejudicial information about him that would not otherwise have been in evidence. At the hearing on Collins's motion for a new trial, counsel testified that, as Collins's defense was that he aborted his involvement in the crime before it was complete, and as Collins chose to testify in support of that defense, counsel was concerned that the prior conviction could be admissible if Collins placed his character in issue. See *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988). Counsel, in an attempt to portray Collins as a truthful man with nothing to hide, pursued the reasonable strategy of placing the damaging information before the jury through Collins's direct testimony, rather than risk having the information extracted from him on cross-examination.

When the State cross-examined Collins, it asked if he had been in the courtroom before, and how many times. Collins argues that counsel should have objected to the question to keep from the jury the inference that he had previously been in criminal trouble. But any such objection would have been meritless; Collins's prior conviction was already before the jury as a result of counsel's strategy. Further, any objection counsel may have made to the question would not have, in all probability, altered the result of the trial. See *Smith*, supra. Similarly, Collins fails to demonstrate ineffective assistance of counsel by the failure to object to the State's question concerning Collins's act of carrying a pistol, even though he was a convicted felon.

Collins also urges that counsel should have attempted to exclude any evidence regarding his gambling and marijuana use before and after the store robbery on the theory that such evidence was a comment upon his character. But such an attempt would have been unavailing; the evidence was admissible as part of the res gestae. See *Pless v. State*, 260 Ga. 96, 98 (2) (390 SE2d 40) (1990). The testimony was that Collins resolved to rob the store after losing money gambling.

Finally, Collins asserts that counsel was ineffective for failing to move to redact a portion of his first statement to the police in which Detective Mayfield asked if he would be willing to take a polygraph examination, and Collins responded: "I don't know." First, the record does not show that any polygraph examination was given. Second,

even when a polygraph examination is administered, not every mention of that examination is reversible error; "the fact that a jury is apprised that a polygraph was taken does not necessarily result in prejudice if no inference is raised as to the result. [Cit.]" *Castleberry v. State*, 274 Ga. 290, 293 (3) (553 SE2d 606) (2001). While it has been held that it is error to allow evidence of a defendant's refusal to take a polygraph, see *Hall v. State*, 226 Ga. App. 298, 300 (2) (485 SE2d 800) (1997), even if Collins's response is taken as a refusal, counsel's failure to object was not, in this instance, prejudicial to the defense. The question and answer at issue occurred in Collins's first police statement. That statement was materially different from the one he gave later, different from the version of events he gave at trial, and different from the testimony of others. By the time the jury had received all the evidence, not only was there ample proof that the first statement was false, but Collins himself clearly wanted the jury to accept his assertion that the first statement was false. Given the version of events that Collins wanted the jury to accept, any reluctance he may have expressed to testing the veracity of his first statement by a polygraph examination was not prejudicial. There is no reasonable probability that, if the question and answer concerning a polygraph examination had been excluded, the outcome of the trial would have been any different, and Collins thus fails to satisfy the second prong of the test for ineffective assistance of counsel. *Smith*, supra.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in Division 1 and in the judgment.*

DECIDED JUNE 30, 2003.

*Buford & Buford, Floyd M. Buford, Jr.*, for appellant.

*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.