## A03A1274. TAYLOR v. THE STATE.
(592 SE2d 148)

ANDREWS, Presiding Judge.

Rodney Taylor appeals from the judgment entered after a jury found him guilty of rape, aggravated child molestation, and child molestation. For the following reasons, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. The 15-year-old victim left her doctor's office to go home, but got on the wrong bus. She got off that bus and, after walking for some period of time, was waiting for another bus when it began to rain. Taylor drove up and convinced the victim to get in his car, stating that he would take her home. Instead of taking the victim home, he took her to his house and raped and orally sodomized her.

Taylor testified in his own defense and admitted that he took the victim to his house, but denied any sexual contact. However, the victim was able to tell police about certain peculiarities of Taylor's genitals and pubic area, and the jury was shown pictures which confirmed the victim's description.

The State also introduced similar transaction evidence. A previous victim testified that Taylor had sexually assaulted her in her car after she gave him a ride to his house.

The jury convicted Taylor of all charges and the court sentenced him as a recidivist to life in prison on the rape charge, 30 years on the aggravated child molestation charge, and 20 years on the child molestation charge. This appeal followed.

In his first enumeration of error, Taylor argues that it was reversible error to fail to give the jurors the following oath before voir dire: " 'You shall give true answers to all questions as may be asked by the court or its authority, including all questions asked by the parties or their attorneys, concerning your qualifications as jurors in the case of _____ (herein state the case). So help you God.' " OCGA § 15-12-132.

1. Taylor is not entitled to a new trial because he waived any objection to the giving of the incorrect oath.[1] Before beginning the trial, the court stated: "I'm not going to repeat the voir dire oath that they gave you this morning. It is my understanding you were given that oath this morning by jury management. Unless there is any objection from the attorneys, I will proceed otherwise." Defense counsel responded: "None from the defense." The court was not informed that the jury was given the incorrect oath until counsel stipulated to this at the hearing on Taylor's motion for new trial.

> [A] defendant may forfeit his right to a voir dire conducted under oath by failing to timely assert that right. " 'Federal courts, including the Supreme Court, have declined to notice (alleged) errors not objected to below even though such errors involve a criminal defendant's constitutional rights.' *United States v. Indiviglio*, 352 F2d 276, 280 (1965), cert. denied, 383 U. S. 907 (86 SC 887, 15 LE2d 663) (1966). The reason for this rule is clear: if the defendant has an objection, there is an obligation to call the matter to the court's attention so the trial judge will have an opportunity to remedy the situation." *Estelle v. Williams*, 425 U. S. 501, 508 (96 SC 1691, 1695, 48 LE2d 126, 133); fn. 3 (1976). There is nothing in the record in the instant case to indicate that appellant was prejudiced by any false answer given during voir dire. The voir dire was in fact very limited. Absent any showing of actual prejudice, we are not inclined to reverse a conviction because the voir dire was not conducted under oath where no objection was made below.

*Gober v. State*, 247 Ga. 652, 654-655 (278 SE2d 386) (1981).

It is important to note that the oath required by OCGA § 15-12-138 was given in this case and it is this oath that courts have found to be jurisdictional, stating that it must be given in order to render a conviction "binding and conclusive." *Slaughter v. State*, 100 Ga. 323 (28 SE 159) (1897). Neither is *Ates v. State*, 155 Ga. App. 97 (270 SE2d 455) (1980), relied on by Taylor, persuasive. In *Ates*, the correct oath was given, but the trial court allowed the district attorney to administer the oath to the jurors over the objection of defense coun-

---

[1] Although the jury was not given the correct oath prior to voir dire, they were given the oath mandated by OCGA § 15-12-138:
"You shall well and truly try each case submitted to you during the present term and a true verdict give, according to the law as given you in charge and the opinion you entertain of the evidence produced to you, to the best of your skill and knowledge, without favor or affection to either party, provided you are not discharged from the consideration of the case submitted. So help you God."

sel and in spite of the clear wording of the statute mandating that the oath should be administered by the trial judge. Id. at 98. This Court held that prejudice could form in the jurors' minds when the oath is administered by the prosecuting arm of the State. Id. Although *Ates* is not on point, we note that, even under those circumstances, the court held that there is only a "presumption" that the party was injured, "unless the contrary plainly appears." (Punctuation omitted.) Id. Accordingly, even under *Ates*, any error was harmless because the record before us clearly shows that Taylor was not harmed.

2. Even assuming that Taylor did not waive his right to raise this issue, there is no authority for the contention that harm must be presumed. See *Gober*, supra at 655 (appellant's argument that harm must be presumed from the failure to administer the voir dire oath is misplaced). In *Roebuck v. State*, 261 Ga. App. 679 (583 SE2d 523) (2003), this Court recently held that although it could not be determined whether the oath prior to voir dire had been given because there was no transcript, "a new trial will not be granted based on a voir dire error unless the movant proves that a juror failed to answer (or to answer honestly) a material question on voir dire and then shows that a correct response would have established a valid basis for a challenge for cause." Id. at 680. Here, there is no contention that the juror could have been excused for cause.

The record shows that at the hearing on Taylor's motion for new trial, the juror testified that she disclosed to the court that she pled guilty to robbery and was sentenced under the First Offender Act, but did not disclose that she had been arrested ten other times for misdemeanor offenses and been sentenced to various terms of probation. When asked why she did not tell the court about the other offenses, the juror responded: "I did not know that I had to advise her — you know, let them know of all of the charges because I just only assumed it was for the felony." The State asked the juror: "[D]id you honestly believe that when the Court asked you if you had been involved in any other crimes, did you honestly believe that you only had to ask [sic] disclose felonies?" The juror replied, "[y]es, I did."

Further, when trial counsel was asked at the motion for new trial hearing: "Would it have been material to your striking of this jury to know that [the juror] had been arrested ten other times besides the robbery that she shared with this Honorable Court? Would you have wanted to know that information?" Trial counsel answered: "I would have wanted to know it because I would have wanted to find out exactly what the other offenses were, what the circumstances of them were. There may have been some violence behind it. I don't know, but it is something I would have wanted to know."

Accordingly, it is clear from the testimony above, that the juror thought she was responding truthfully and, even had she answered correctly, that answer would not have provided a basis to challenge her for cause.

> "[T]o invalidate the result of a . . . trial because of a juror's mistaken, though honest, response to a question, is to insist on something closer to perfection than our judicial system can be expected to give. A trial represents an important investment of private and social resources, and it ill serves the important end of finality to wipe the slate clean simply to recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on *voir dire* examination. We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." (Citations and punctuation omitted.) *Isaacs v. State*, 259 Ga. 717, 741 (44) (e) (386 SE2d 316) (1989).

*Grogan v. State*, 230 Ga. App. 876, 877-878 (497 SE2d 589) (1998). Therefore, assuming Taylor has established that the juror failed to honestly answer a material question, a correct response "would only have allowed [Taylor] to exercise a peremptory strike and did not, by itself, provide a valid challenge for cause." Id. at 878. In this case, Taylor does not even argue that he would have used a peremptory strike on the juror in question.

Accordingly, for all of the reasons stated above, the trial court did not err in denying Taylor's motion for new trial on this ground.

3. Because of our holdings in Divisions 1 and 2, above, we need not address Taylor's claim that trial counsel was ineffective in relying on the trial court's statement that the oath had been given.

4. Next, Taylor argues that because the indictment on the rape count failed to allege that the victim was under 16 years of age, the jury instruction that the "against the will" element is automatically supplied because the victim was under 16 was error because it was not in conformity with the bill of indictment. Taylor cites to no authority on point in support of this argument and we find none. Rather, case law directly on point is to the contrary. In *Roebuck*, supra at 681-682, appellant argued that because the indictment did not state that the victim was under the age of 14, the State should

have been required to prove that the acts of sodomy were "against her will." Id. at 681. This Court held that:

> the fact that the indictment in this case failed to state the age of the victim did not trump the precept that a child under the age of 14 lacks the legal ability to consent to sodomy. The evidence presented to the jury clearly established that the victim in this case was under the age of 14, and, as such, in accordance with *Jenkins* [*v. State*, 259 Ga. App. 87 (576 SE2d 68) (2003)], the State did not have to prove that the sodomy in this case was against the victim's will.

Id. at 682.

Likewise, in the instant case, the evidence clearly established that the victim was under the age of 16, and therefore, the State did not have to prove that the rape was against the victim's will. See *Roebuck*, supra; *Jenkins*, supra at 88. Therefore, it follows that it was not error for the court to charge the jury accordingly. See also *McFall v. State*, 235 Ga. 105, 106-107 (218 SE2d 839) (1975) (although the indictment contained no allegation as to the age of the victim, "if evidence can be admitted on the question, the court can charge the jury the law in reference thereto"), rev'd on other grounds, *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977).

5. Taylor claims that trial counsel was ineffective because he failed to object to the prosecutor's questions to the victim and similar transaction victim as to how the attacks by Taylor had affected their lives. Although OCGA § 17-10-1.2 allows evidence of the impact of the crime upon the victim, this evidence is admissible only during the sentencing phase of trial. See OCGA § 17-10-1.2 (a) (2).

To establish ineffective assistance of counsel, Taylor must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra. In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Further, Taylor must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991).

First, with regard to the victim of the similar transaction, the objected-to questions were asked on redirect examination in response

to questions by defense counsel as follows: "You don't have any idea why he ended up pleading to a lesser charge, so to speak?" Answer: "No." Question: "You have never had any contact with the D.A.'s office at all in regards to the disposition of the case in regards to Rodney?" Answer: "No."

After these questions, the prosecutor questioned the similar transaction victim in order to clarify why she was reluctant to go through with a trial at the time of the crime and why she was able now to come and testify. Having opened the door to this evidence, Taylor cannot complain of the testimony. See, e.g., *Casserly v. State*, 173 Ga. App. 272, 273 (325 SE2d 889) (1985). Therefore, because the testimony was admissible, any objection would have been meritless. Accordingly, counsel's failure to object cannot be ineffective assistance. See *Collins v. State*, 276 Ga. 726 (583 SE2d 26) (2003).

Next, we address the questions to the victim in this case. The prosecutor asked the victim how the rape had affected her and the victim replied that she had nightmares from it and also that she had started dressing more like a "boy" so that her body would be "covered up."

Taylor cites *Lucas v. State*, 274 Ga. 640 (555 SE2d 440) (2001), in support of his argument that this was reversible error. In that case, the State, in its opening statement and in the guilt/innocence phase of the trial improperly introduced evidence that raised the worth of the victims and the impact wrought by their deaths. Id. at 642. The Court held, however, that any error was harmless because the jury's consideration of this evidence at the guilt/innocence phase did not contribute to the guilty verdict. Id. at 644.

Likewise, in the instant case, we cannot conclude that the victim's testimony as to nightmares and style of dress contributed to the jury's verdict. Accordingly, although trial counsel could have objected to the above testimony, we conclude there is no reasonable probability the jury would have reached a different verdict, absent this error of counsel. *Gross*, supra.

6. Next, Taylor claims the trial court erroneously allowed the prosecutor to cross-examine Taylor about other crimes he had committed. When Taylor testified on direct examination, he stated: "Another detective at the time came in and . . . said, do you have a previous sexual battery record or any kind of sex crime or any kind of crime? Have you been locked up before, ever been in DeKalb County or any jail? I told him I had, and so he went in and pulled — I guess he pulled up — went to the computer, pulled up some paperwork."

Taylor opened the door to a discussion of his criminal history.[2]

---

[2] Also, we note that Taylor himself testified that he "was on probation for theft by taking."

"Where the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination." (Punctuation omitted.) *Cobb v. State*, 251 Ga. App. 697, 698 (555 SE2d 79) (2001). Accordingly, because Taylor introduced the topic on direct examination, he cannot now complain that the prosecutor followed up on cross-examination. Id. Because the testimony was admissible, trial counsel was not ineffective for failing to make a meritless objection.

7. Next Taylor contends that trial counsel was ineffective in failing to object to the introduction into evidence of two bills of indictment. Taylor argues that to allow these indictments to go out with the jurors during their deliberations was an impermissible comment on his character and trial counsel was ineffective for failing to object. The first indictment charged Taylor with rape and false imprisonment and the second indictment charged him with two counts of aggravated assault with intent to rape. In both instances, it appears that Taylor pled guilty to the lesser offenses of sexual battery.

The first indictment, for rape and false imprisonment, concerned charges against the victim in the similar transaction. As stated, Taylor pled guilty to misdemeanor sexual battery. But, this evidence was admissible because the victim testified at trial and presented evidence to support the charges in the indictment. *Wagner v. State*, 253 Ga. App. 874, 877 (560 SE2d 754) (2002).

With regard to the second indictment, trial counsel objected numerous times to this evidence and his objections were overruled.

In addition, we find no authority to support Taylor's contention that it was harmful error for these indictments to go out with the jury. As stated above, Taylor opened the door to this evidence and he was cross-examined on the circumstances of the offenses, the charges, and the disposition of those charges. Accordingly, this enumeration presents nothing further for our review.

*Judgment affirmed. Johnson, P. J., Blackburn, P. J., Eldridge, Mikell and Adams, JJ., concur. Barnes, J., concurs in Divisions 3 through 7 and concurs in the judgment only in Divisions 1 and 2.*

BARNES, Judge, concurring specially.

Although I concur fully in Divisions 3-7, I have grave reservations about the long-term effect on the administration of justice of applying waiver to the failure of Taylor's counsel to object to the trial court's statement. Nevertheless, I agree that such application is not wholly inconsistent with our law in this area. Further, because I cannot agree with the majority's application in Division 2 of *Roebuck v. State*, 261 Ga. App. 679 (583 SE2d 523) (2003), and *Grogan v. State*,

230 Ga. App. 876 (497 SE2d 589) (1998), in these circumstances, I must concur in the judgment only as to Divisions 1 and 2.

DECIDED DECEMBER 1, 2003 —
RECONSIDERATION DENIED DECEMBER 12, 2003 —

*Brian Steel*, for appellant.
*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Assistant District Attorney*, for appellee.