A04A0074. KIMMONS v. THE STATE.
(600 SE2d 783)

MILLER, Judge.

Following a jury trial, Frankey Kimmons was convicted on two counts of aggravated child molestation. On appeal he contends that (1) the trial court erred in allowing the State to introduce character evidence in the form of Kimmons's prior criminal history after Kimmons allegedly opened the door to such evidence, and (2) his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Kimmons molested his live-in girlfriend's five-year-old daughter on several occasions. The victim told a neighbor and a police officer about the abuse, and gave consistent stories about the abuse to both of them. The victim, the neighbor, and the investigating officer testified at trial about the abuse.

As part of his trial strategy, Kimmons's attorney decided to argue that Kimmons, who denied the sexual abuse, was a man who had a drinking problem but had never committed a crime involving sexual misconduct in the past, and that, if he had committed such a crime, would have admitted to it (as he had admitted to other past crimes for which he was guilty). In connection with this strategy, Kimmons's trial attorney engaged in the following exchange with the investigating police officer on cross-examination:

Q. Based upon your investigation of this case did you look into Mr. Kimmons's criminal history?

A. Yes.

Q. Has he ever been convicted of Child Molestation previous to these allegations?

A. Not to my knowledge, no. I don't believe it was in his criminal history. I don't have a copy of that in front of me.

Q. Has he ever been arrested for Child Molestation previous to these allegations of Child Molestation?

A. I don't believe there was anything in his criminal history to indicate any type of arrest for Child Molestation.

The State argued that defense counsel had opened the door to the State exploring Kimmons's criminal history based on the cross-examination of the investigating officer. Defense counsel contended that he had only opened the door to the specific exploration of Kimmons's past criminal history with respect to sex crimes. The trial court disagreed with defense counsel and allowed the State to introduce Kimmons's criminal history at trial.

The jury found Kimmons guilty on two counts of aggravated child molestation. Following the denial of his motion for new trial, Kimmons appeals.

1. Kimmons argues that the trial court erred in admitting evidence of (a) his past criminal history after his trial counsel cross-examined a State's witness regarding whether Kimmons had committed any prior sex crimes, and (b) Kimmons being "drunk most of the time" and having drinking problems. We disagree.

(a) While evidence of bad character generally cannot be admitted until the defendant first places his character in issue (OCGA § 24-9-20 (b)), "it is possible for a criminal defendant to put his character in issue while cross-examining a state's witness." (Citations omitted.) *Franklin v. State*, 251 Ga. 77, 81 (2) (303 SE2d 22) (1983). Moreover, when a criminal defendant admits to prior criminal conduct, "he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State. . . ." (Citation and punctuation omitted.) *Cobb v. State*, 251 Ga. App. 697, 698 (555 SE2d 79) (2001).

Here, Kimmons's counsel asked questions specifically about Kimmons's "criminal history" on cross-examination. Such questioning was tantamount to an admission by Kimmons that he had a past criminal history. Under these circumstances, Kimmons had raised an issue (his criminal history) that could be fully explored by the State. We hold that the trial court correctly concluded that Kimmons opened the door to the admission of his prior criminal history and that the

State was free to fully explore this criminal history at trial to place it in its proper context. Cf. *Cobb*, supra, 251 Ga. App. at 698.

(b) Since Kimmons's counsel failed to object to the testimony regarding Kimmons being "drunk most of the time" and having drinking problems, he has waived on appeal any issue with respect to the admission of this testimony. *Rupert v. State*, 239 Ga. App. 128, 130-131 (1) (a) (520 SE2d 695) (1999).

2. Kimmons claims that his trial counsel rendered ineffective assistance by (a) failing to adequately prepare for trial, (b) failing to convey to Kimmons the possible consequences of being sentenced as a recidivist, and (c) allowing character evidence to be presented to the jury. We disagree.

To prove ineffective assistance, Kimmons was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Kimmons did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) The record reveals that Kimmons's counsel was an experienced criminal defense attorney who had tried over 100 criminal cases in his career. Counsel was retained by Kimmons in June 2002 (after Kimmons fired his previous attorney), and counsel immediately retrieved and reviewed the files of Kimmons's prior attorney. He also took photographs of the alleged crime scene, met with Kimmons on at least four occasions, prepared questions for Kimmons and the State's witnesses, and reviewed the State's discovery with Kimmons. By the time the case actually went to trial in October 2002, Kimmons's counsel had spent 20 hours or more preparing the case. Counsel worked exceptionally hard the evening before trial to focus on his cross-examinations and jury instructions, and wanted to give Kimmons his best effort at trial.

Kimmons has failed to show what more his trial counsel should have done in order to prepare for trial, or that further preparation or investigation would have somehow revealed something of which his trial counsel was not already aware. See, e.g., *Villegas v. State*, 262 Ga. App. 55, 57 (3) (b) (584 SE2d 666) (2003). Evidence supported the trial court's conclusion that counsel was adequately prepared for trial and that Kimmons did not carry his burden of showing that his counsel's performance somehow prejudiced his defense. See id.

(b) Kimmons's contention that he was not fully informed about the consequences of being sentenced as a recidivist is belied by the

record. Kimmons was aware of the possible sentence that he would receive if convicted, and rejected a plea offer for a lesser sentence, choosing instead to proceed to trial even though he was aware of the potential consequences. Evidence supported the trial court's conclusion that Kimmons did not meet his burden of proving ineffective assistance. See *Talbot v. State*, 261 Ga. App. 12, 15 (2) (b) (581 SE2d 669) (2003).

(c) The record reveals that counsel employed a strategy to portray Kimmons as an honest man with a drinking problem who did not have a history of harming others. The testimony to which counsel did not object was consistent with the defense theory that Kimmons was a man with a drinking problem who did not harm other people. The record reveals that the decision to allow evidence relating to Kimmons's drinking and criminal history was strategic, and under the circumstances of this case, reasonable. See *Crawford v. State*, 252 Ga. App. 722, 725 (3) (556 SE2d 888) (2001); cf. *Collins v. State*, 276 Ga. 726, 728 (2) (583 SE2d 26) (2003). The trial court did not clearly err in concluding that Kimmons's trial counsel rendered effective assistance.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 14, 2004.

*Justin J. Wyatt*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, Lori A. Zamberletti, Assistant District Attorneys*, for appellee.